611 A.2d 309

**COMMONWEALTH of Pennsylvania**

v.

**Siegfried William AMUNDSEN, Appellant.**

Superior Court of Pennsylvania.

Argued May 19, 1992.

Filed July 31, 1992.

Charles F. Gilchrest, Sharon, for appellant.

James P. Epstein, Dist. Atty., Hermitage, for Com., appellee.

Before ROWLEY, P.J., and MONTEMURO and HESTER, JJ.

MONTEMURO, Judge:

This is an appeal from a judgment of sentence entered after appellant pled guilty to two counts of homicide by motor vehicle related to driving while under the influence of alcohol in violation of 75 Pa.C.S.A. § 3735. Appellant raises the following issues on appeal:

1. Whether the mandatory minimum sentence of imprisonment in 75 Pa.C.S.A. § 3735 is an unconstitutional legislative infringement on the constitutional grant of power to district attorneys in Article IX, Section 4 of the Pennsylvania Constitution to participate in sentencing decisions;

2. Whether the mandatory minimum sentence of imprisonment in 75 Pa.C.S.A. § 3735 unconstitutionally infringes on prosecutorial discretion in sentencing decisions in violation of the due process of law clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution; and

3. Whether the mandatory minimum sentence of imprisonment in 75 Pa.C.S.A. § 3735 denies a defendant the equal protection of the laws because the prosecuting authority has no discretion as to whether to request the minimum sentence while other so called mandatory sentences do provide such prosecutorial discretion and there

is no reasonable basis for such different treatment of persons convicted of crimes.

For the reasons set forth below, we affirm.

75 Pa.C.S.A. § 3735, in pertinent part, provides:

Any person who unintentionally causes the death of another person as the direct result of a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) and who is convicted of violating section 3731 is guilty of a felony of the third degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

Although appellant asserts three issues regarding the unconstitutionality of the mandatory sentence provision in this section, he actually raises only one argument, i.e. that the mandatory sentence provision denies the prosecutor the right and discretion to request the court not to impose the mandatory sentence. As a result, appellant claims that this section is unconstitutional.

In *Commonwealth v. Hernadez,* 339 Pa.Super. 32, 488 A.2d 293 (1985), we considered a constitutional challenge to the validity of 75 Pa.C.S. § 3735. In that case the appellant argued that § 3735 was unconstitutional because it violated the separation of powers between the judiciary and the legislature and because it placed excessive and unreviewable discretion in the hands of the prosecuting authority. In dismissing the claims we held that:

Although it is the judiciary's function to impose sentences upon conviction, it is for the legislature to establish criminal sanctions, and, as one of its options, it may prescribe a mandatory minimum term of imprisonment.

*Id.,* 339 Pa.Superior Ct. at 39, 488 A.2d at 297. *See also Commonwealth v. Cieri,* 346 Pa.Super. 77, 499 A.2d 317 (1985) and *Commonwealth v. Kostra,* 349 Pa.Super. 89, 502 A.2d 1287 (1985). Furthermore, we stated that "it is neither new nor unique that the legislature has prescribed mandatory sentences" and since the selection of the mandatory sentence is a legislative determination, "it carries a

strong presumption of validity, and of constitutionality." *Id.* 339 Pa.Super. at 39, 488 A.2d at 297.

Although the claims in *Hernandez* were different than the challenges raised herein, we find that the reasoning of the court is equally applicable to this case. Contrary to the argument raised in appellant's brief, it is the judiciary, and not the prosecuting authority, who has the right to impose sentences upon conviction. This function of the judiciary, as we held in *Hernandez*, is not unconstitutionally violated by the mandatory sentencing provisions in § 3735 as it is the duty of the legislature to establish criminal sanctions. The prosecuting authorities, as part of the executive branch of government, have the primary function of enforcing the laws of the Commonwealth, not to determine the penalties to be imposed when a crime has been committed. *See e.g. Commonwealth v. Parker White Metal Co.,* 512 Pa. 74, 515 A.2d 1358 (1986). Although we have held that the grant of discretionary authority to a prosecutor to decide whether to invoke statutory mandatory minimum sentencing provisions is constitutionally permissible, *Commonwealth v. Pittman,* 515 Pa. 272, 528 A.2d 138 (1987), we did not hold that such a delegation of authority must be given to the prosecuting authority. It is the legislature's duty to inform the prosecutors and the courts as to the permissible punishment alternatives, and the court's duty to determine which of the punishments outlined by the legislature is most suitable for the particular offender and society as a whole. The prosecutor, on the other hand, has the duty to decide what charges should be brought against a particular offender and then to prosecute the offender according to that law. A prosecutor is vested with considerable discretion in deciding who will or will not be charged and what they will be charged with. By determining in the first instance whether or not to initiate a prosecution based on § 3735, the prosecutor retains his prosecutorial discretion in enforcing the criminal laws. Accordingly, finding no constitutional infirmities in 75 Pa.C.S.A. § 3735, we affirm the sentence imposed by the trial court.

Judgment of sentence affirmed.