KELLY, Judge:
In this appeal we must determine whether under 35 P.S. § 780-117(1)(vi) persons who have been charged with violating 35 P.S. § 780-113(a)(14), (30), or (37) and who have *990 pled guilty or nolo contendere to the violation of 35 P.S. § 780-113(a)(14), (30) or (37) and are now being sentenced for that crime are barred from receiving of probation without verdict. Our review requires us to interpret 35 P.S. § 780-117(1). After careful consideration, we hold that 35 P.S. § 780-117(1)(vi) does prohibit a person who has pled guilty or nolo contendere to a charge of violating 35 P.S. § 780-113(a)(14), (30), or (37) from receiving as a sentence probation without verdict. Therefore, we vacate the sentence of appellee, Steven Weris, and remand for re-sentencing.
Appellee, Steven Weris, was arrested on August 30, 1993 by two police officers who pursued Weris after observing him looking at them and then running. While being pursued, appellee dropped a clear plastic baggie which the officers retrieved. The baggie contained sixty-one vials containing cocaine base. The vials contained 1.997 grams of crack cocaine. The amount is .003 grams less than the 2.0 grams which would subject appellee to a mandatory minimum term of imprisonment. Appellee was arrested and charged with violating 35 P.S. § 780-113(a)(30). The charge was appellees first charge. Appellee is a certified drug dependent.
Weris pled nolo contendere to the charge. Weris received a sentence of probation without verdict. The Commonwealth filed a timely petition to modify the sentence. The petition was denied. The Commonwealth filed a timely notice of appeal.
On appeal, the Commonwealth raises the following issue:
CAN DEFENDANTS, WHO WERE CHARGED WITH DRUG DEALING AND WHO CONCEDED THEIR GUILT BY PLEADING NO CONTEST, REWRITE SECTION 17(1)(VI) AND RECEIVE PROBATION WITHOUT VERDICT, EVEN THOUGH THAT SECTION EXPRESSLY PROHIBITS SUCH LENIENT TREATMENT FOR ANY DEFENDANT “WHO WAS CHARGED” WITH DRUG DEALING, AND EVEN THOUGH THE IMPROPER CONSTRUCTION OF THE SECTION ADOPTED BELOW VIOLATES BASIC RULES OF STATUTORY CONSTRUCTION AND RESULTS IN AN ABSURD INTERPRETATION THAT PERMITS THE INNOCENT TO BE PENALIZED AND THE GUILTY REWARDED?
Commonwealth’s Brief at 4.
For the reasons stated in Commonwealth v. Berryman, — Pa.Super. -, 649 A.2d 961 (1994), we reverse the judgment of sentence and remand for resentencing.
Judgment of sentence reversed. Remanded for new sentence.
CIRILLO, J., filed a dissenting opinion.
TAMILIA, J., filed an opinion in support of remand.
McEWEN, J., joined the opinion in support of remand by TAMILIA, J.
CAVANAUGH, WIEAND, BECK, POPOVICH and SAYLOR, JJ., joined the opinion by KELLY, J.