J-S44014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARVIN RAVENELL, | : | |
| | : | |
| Appellant | : | No. 3501 EDA 2017 |

Appeal from the Judgment of Sentence September 11, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0008357-2016

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 17, 2018**

Marvin Ravenell appeals from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, after a jury found him guilty of firearms not to be carried without a license. 18 Pa.C.S.A. § 6106(a). After review, we affirm.

On October 18, 2016, police responded to a call from Ravenell's co-worker, who alleged Ravenell threatened to shoot him over a quarrel. At the time, Ravenell worked as a mechanic at Firestone Complete Auto Care ("Firestone"), in Wynnewood, Pennsylvania. When police responded, Ravenell denied having a firearm on his person. After further questioning, Ravenell admitted that he had concealed a Smith and Wesson 9MM handgun on his person while working at Firestone that day. The handgun was not registered or licensed to Ravenell.

Police arrested Ravenell and charged him with one count of firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a), and one count of terroristic threats. 18 Pa.C.S.A. § 2706. A jury found Ravenell guilty only of firearms not to be carried without a license, and on September 11, 2017, the trial court sentenced him to two years' probation. On September 21, 2017, Ravenell filed a post-sentence motion challenging the constitutionality of section 6106(a), which the trial court denied. On October 25, 2017, Ravenell filed a timely notice of appeal. Both Ravenell and the trial court have complied with Pa.R.A.P. 1925. On appeal, Ravenell raises the following issues for our review:

1. Whether [section 6106(a)] is unconstitutional and void for vagueness, as the meaning of the language in the statute, "fixed place of business," is not clearly understood by people of ordinary intelligence, and therefore the public is not given fair notice as to whether or not a permit to carry is required to possess a firearm at their place of employment?

2. Whether the trial court erred and committed an abuse of discretion by denying [Ravenell's] post-sentence motion for judgment of acquittal, due to the unconstitutionality of [section 6106(a)]?

Brief of Appellant, at 5.

Ravenell first claims that section 6106(a) is unconstitutional and void for vagueness because people of ordinary intelligence cannot understand the statutory language therein, i.e., the clause "except in his . . . fixed place of business." 18 Pa.C.S.A. § 6106(a). Relatedly, Ravenell argues the trial court erred in denying his post-sentence motion for acquittal because section

6106(a) is unconstitutional. Ravenell frames his challenge to section 6106(a) as "a good faith request to reevaluate whether the majority holding from this Court 24 years ago in [*Commonwealth v. Carr*, 483 A.2d 542 (Pa. Super. 1984),] is still good law." Brief of Appellant, at 10. After review, we find Ravenell's claims are meritless.

Initially, we note that challenges to "[t]he constitutionality of a statute can be waived." *Commonwealth v. Watley*, 81 A.3d 108, 117 (Pa. Super. 2013). "An appellate court should not address constitutional issues unnecessarily or when they are not properly presented and preserved in the trial court for our appellate review." *Commonwealth v. Berryman*, 649 A.2d 961, 973 (Pa. Super. 1994); *see* Pa.R.A.P. 302(a) ("Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal."). "The Pennsylvania Supreme Court has clearly held that constitutional issues . . . are waived if not properly raised in the trial court." *Id.* Furthermore, this court may not raise a constitutional issue *sua sponte*. *Id.*

Instantly, Ravenell first challenged the constitutionality of section 6106(a) in a post-sentence motion. Ravenell did not raise this issue prior to the conclusion of his trial or prior to sentencing, and thus, his motion is untimely. *See Commonwealth v. Danko*, 421 A.2d 1165, 1167 (Pa. Super. 1980) (defendant waived argument that criminal statute was unconstitutional where defendant failed to raise any specific constitutional challenge to the statute at any time during trial, even though defendant had clear opportunity to do so). Therefore, Ravenell has waived this claim.

In any event, Ravenell's challenge to section 6106(a) is meritless. The question raised by Ravenell involves constitutional challenges, and thus our standard of review of is plenary. ***Commonwealth v. McCoy***, 895 A.2d 18, 24 (Pa. Super. 2016).

> A statute is vague if it fails to give people of ordinary intelligence fair notice as to what conduct is forbidden, or if they cannot gauge their future, contemplated conduct, or if it encourages arbitrary or discriminatory enforcement. A vague law is one whose terms necessarily require people to guess at its meaning. If a law is deficient – vague – in any of these ways, then it violates due process and is constitutionally void. By contrast, to be valid, a penal statute must set forth a crime with sufficient definiteness that an ordinary person can understand and predict what conduct is prohibited. The law must provide reasonable standards which people can use to gauge the legality of their contemplated, future behavior. At the same time, however, *the void for vagueness doctrine does not mean that statutes must detail criminal conduct with utter precision*. Condemned to the use of words, we can never expect mathematical certainty from our language. Indeed, due process and the void for vagueness doctrine are not intended to elevate the practical difficulties of drafting legislation into a constitutional dilemma. Rather, these doctrines are rooted in a rough idea of fairness. As such, statutes may be general enough to embrace a range of human conduct as long as they speak fair warning about what behavior is unlawful.

***Commonwealth v. Thur***, 906 A.2d 552, 560 (Pa. Super. 2006) (internal quotations and citations omitted) (emphasis added). "A law is overly broad if it punishes constitutionally protected activity as well as illegal conduct." ***Id.*** Section 6106(a) provides, in relevant part, as follows:

§ 6106. Firearms not to be carried without a license

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), *any person who carries a firearm in any vehicle or any person who carries a*

*firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.*

*(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.*

18 Pa.C.S.A. § 6106(a) (emphasis added).

This Court, as Ravenell concedes, has previously addressed his constitutional issue in **Carr**, and it has found that section 6106(a) is neither vague nor overbroad. "The Statutory Construction Act at 1 Pa.C.S.[A.] § 1903(a) states in relevant part that 'words and phrases shall be construed according to rules of grammar and according to their common and approved usage.'" **Carr**, 483 A.2d at 543. "'His' as used in 18 Pa.C.S.[A.] § 6106(a) is a possessive pronoun connoting ownership or control over the 'fixed place of business.'" **Id.** Thus, the "fixed place of business" language in section 6106(a) is limited to individuals with a "controlling, proprietary, or possessory interest" therein. **Id.** Furthermore, as the majority in **Carr** observed astutely, "*our legislature could not have intended to permit every employed individual in the Commonwealth to carry without a license a concealed, loaded firearm on the job site.*" **Id.** (emphasis added).

In **Carr**, police obtained and executed a search warrant for controlled substances they believed were stored at and sold from a gasoline service

station. During the execution of the search warrant, police identified the sole proprietor of the gasoline service station. Shortly thereafter, they observed another individual, defendant Carr, drop a loaded .32 caliber revolver into a cardboard box. At trial, Carr conceded that he had been carrying the revolver, but argued that because (1) the service station was his place of employment and (2) he had been working when he was arrested, he met the "fixed place of business" exception pursuant to section 6106(a). This Court held that the gasoline service station was the fixed place of business of the proprietor and not the fixed place of business of Carr because he had no controlling, proprietary or possessory interest in the service station, and thus, Carr was in violation of section 6106. ***Carr***, ***supra***.

The facts here are nearly identical. Ravenell has no controlling, proprietary or possessory interest in Firestone; he was merely an employee. Accordingly, Ravenell was not present at his "fixed place of business" for purpose of section 6106(a). Therefore, even had Ravenell properly preserved this issue for our review, he was not exempt from the requirement that he have a valid and lawfully issued license to carry a concealed firearm while working at Firestone.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/17/2018*