J-S58037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY R. RITENOUR | |
| Appellant | No. 581 WDA 2014 |

Appeal from the Judgment of Sentence April 1, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000209-2013

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 6, 2014**

Appellant, Jeffrey R. Ritenour, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial convictions for statutory sexual assault, aggravated indecent assault, corruption of minors, and simple assault.[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. The minor victim and Appellant are distant cousins who have known each other for a long time. The victim testified that on May 24, 2012, she and Appellant went on a walk together. While they were walking, Appellant asked the victim to have sex with him; and the victim refused. Appellant

_____

[1] 18 Pa.C.S.A. §§ 3122.1(b), 3125(a)(8), 6301(a)(1)(ii), and 2701(a)(3), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

then pushed the victim to the ground, climbed on top of her, and removed her shorts. Appellant touched the victim all over her body, including her breasts and vaginal area, and inserted his penis into the victim's vagina. The victim testified that she and Appellant walked on the same trail and engaged in nonconsensual sexual intercourse on two other occasions, in June and July of 2012. Appellant was fifty-one (51) years old at the time of the offenses. The victim was fourteen (14) years old at the time of the first assault, and fifteen (15) years old at the time of the second and third assaults.

The victim told her ex-boyfriend about the assaults. The victim's ex-boyfriend then told the victim's parents, and they contacted the police. At trial, a Pennsylvania State Trooper testified that he went to Appellant's residence as part of the investigation. Appellant initially denied the assaults, but he eventually confessed to the first assault, which occurred on May 24, 2012. The trooper read Appellant his **Miranda**[2] warnings, and Appellant repeated his verbal confession to the trooper. At Appellant's request, the trooper wrote down Appellant's statement, which Appellant signed.

A jury convicted Appellant on January 9, 2014, of statutory sexual assault, aggravated indecent assault, corruption of minors, and simple assault. On April 1, 2014, the court sentenced Appellant to three (3) to ten

---

[2] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

(10) years' imprisonment, and informed Appellant of his lifetime registration requirement under the Sex Offender Registration and Notification Act ("SORNA").[3] Appellant did not file any post-sentence motions. Appellant timely filed a notice of appeal on April 11, 2014. That same day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issues for our review:

> DID THE COMMONWEALTH FAIL TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT HAD ANY UNLAWFUL CONTACT WITH THE MINOR VICTIM?
>
> IS IT UNCONSTITUTIONAL TO REQUIRE APPELLANT TO REGISTER FOR A LIFETIME WHEN SAID REGISTRATION REQUIREMENT EXCEEDS THE STATUTORY MAXIMUM PENALTY FOR APPELLANT'S OFFENSE?
>
> IS [SORNA] UNCONSTITUTIONAL IN REQUIRING APPELLANT TO REGISTER FOR A LIFETIME?

(Appellant's Brief at 7).

In his first issue, Appellant argues the Commonwealth provided insufficient evidence to prove his guilt. Appellant contends the victim did not

---

[3] "[SORNA], commonly referred to as the Adam Walsh Act, became effective on December 20, 2012. By its terms, any individual who was then being supervised by the board of probation or parole was subject to its provisions." *Commonwealth v. Partee*, 86 A.3d 245, 246 (Pa.Super. 2014). SORNA replaced Megan's Law as the statute governing the registration and supervision of sex offenders. SORNA designates a conviction for statutory sexual assault, 18 Pa.C.S.A. § 3122.1(b), as a "Tier III" sexual offense, subjecting a defendant to a lifetime registration requirement. 42 Pa.C.S.A. § 9799.14(d)(3); 42 Pa.C.S.A. § 9799.15(a)(3).

go to a doctor for a physical examination, and the Commonwealth presented no medical evidence that the victim had intercourse with Appellant or anyone else. Appellant alleges the record does not include any evidence that the victim resisted or attempted to fight off Appellant. Appellant claims the victim continued to go on walks alone with Appellant and did not fear Appellant. Appellant maintains the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that the victim ever had intercourse with Appellant. Appellant concludes this Court should set aside the verdict. We disagree.

Initially, we observe:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted…in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal*

- 4 -

*denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting **Commonwealth v. Jones**, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

Instantly, the trial court concluded:

It cannot be disputed that the age of consent for sexual relations in Pennsylvania is 16 years. [18 Pa.C.S.A. § 3122.1]. In light of the evidence adduced at trial…which includes both the victim's testimony and [Appellant's] signed, written confession to one of the three sexual encounters, this ground of insufficiency is so utterly without merit as to be frivolous.

(Trial Court Opinion, filed May 2, 2014, at 2-3). A review of the record supports the trial court's conclusions. Therefore, Appellant's first issue merits no relief. **See Hansley, supra**.

In his second and third issues combined, Appellant argues his lifetime registration requirement under SORNA is unconstitutional. Appellant concedes his sentence is legal; however, he contends that imposition of an additional lifetime registration requirement is an illegal sentence and unconstitutional. Appellant claims the lifetime registration requirement is not merely civil in nature because the court imposes the requirement during sentencing, and a failure to comply can result in incarceration. Appellant maintains the additional registration requirement exceeds the statutory maximum penalty proscribed for his convictions. Appellant asserts the lifetime registration requirement does not accomplish rehabilitation, and constitutes an unusual punishment. Appellant concludes this Court should declare SORNA's lifetime registration requirement as unconstitutional and

illegal. We disagree.

Preliminarily, we recognize that an appellant may not successfully advance a new theory of relief for the first time on appeal. ***Commonwealth v. Haughwout***, 837 A.2d 480, 486 (Pa.Super. 2003) (citation omitted). "An appellate court should not address constitutional issues unnecessarily or when they are not properly presented and preserved in the trial court for our appellate review." ***Commonwealth v. Berryman***, 649 A.2d 961, 973 (Pa.Super. 1994) (citation omitted). Thus, "[c]onstitutional issues, even if they go to the legality of the sentence, can be waived." ***Id***. (citation omitted).

In the present case, Appellant challenged the constitutionality of his lifetime registration requirement for the first time in his Rule 1925(b) statement. Appellant failed to raise these issues at sentencing or in a post-sentence motion. Therefore, Appellant's second and third issues are arguably waived. ***See id.***; ***Haughwout, supra***. ***See generally Commonwealth v. Melendez-Rodriguez***, 856 A.2d 1278 (Pa.Super. 2004) (reaffirming principle that defendant cannot rectify failure to preserve issue at trial by proffering it in Rule 1925(b) statement).

Moreover, the trial court disposed of these claims as follows:

> The determination that a particular statute is unconstitutional must be made by the Pennsylvania Supreme Court only upon a very clear showing that the statute or sentencing provision is not within constitutional parameters, since constitutionality is presumed. Nevertheless, the claim of unconstitutionality is waived in

that [Appellant] did not raise it in a post-sentence motion of any type to allow this [c]ourt to address it.

[T]his [c]ourt hereby acknowledges the very recent holding in **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013), which declared Act 152 of 2004, 42 Pa.C.S. § 101-9913, unconstitutional as violative of Article III, Section 3, of the Pennsylvania State Constitution, because it legislatively enacted law for many separate and disparate subjects. The Pennsylvania Supreme Court then determined that the Megan's Law provisions contained therein were not severable so as to continue in effect. This [c]ourt notes that the Pennsylvania legislature had already passed [SORNA]…, effective immediately, to re-enact the provisions of Megan's Law, bringing those provisions into compliance with the federal Adam Walsh requirements so as [to] better protect the citizens of this Commonwealth.

Although all parts of Act 152 of 2004, including Megan's Law III, are now unconstitutional, the reasons for such declaration have nothing to do with Megan's Law itself and/or any of its requirements. The current statute is now popularly known as "Megan's Law IV" [or SORNA] and, by its own terms, is retroactive. The appellate courts have previously determined that the registration requirements of Megan's Law are not criminally punitive, but rather serve the important purpose of protecting the citizens of this Commonwealth from a certain class of offender—those sexual predators who commit a predicate offense and who also suffer from a volitional impairment that makes them likely to become recidivists. The Pennsylvania Supreme Court more recently reiterated that the registration requirements are not an *ex post facto* violation under the United States Constitution, because they do not punish the offender…[.] [T]he legislature has acted swiftly and promptly to re-enact the registration requirements of Megan's Law, and has now expressly stated that the provisions are not punitive, but rather are for the public's protection.

(Trial Court Opinion at 3-5) (footnotes and some citations omitted). We accept this reasoning and see no reason to disturb the trial court's decision

to deny relief.  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/6/2014