579 A.2d 963

**COMMONWEALTH of Pennsylvania**

v.

**Thomas PIERCE (Nevius), Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1990.

Filed Sept. 6, 1990.

---

James M. Wolfe, Asst. Atty. Gen., Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before WIEAND, McEWEN and HESTER, JJ.

WIEAND, Judge:

The issue in this appeal is whether the doctrine of "collateral consequences," which prevented a collateral attack on a criminal conviction from becoming moot after the sentence had been served, has been superseded by the provisions of the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 et seq.

Thomas Pierce, a/k/a Thomas Nevius, entered a plea of guilty to second degree murder on April 4, 1972 and was sentenced to serve a term of imprisonment for not less than five (5) years nor more than fifteen (15) years. He did not file a petition to withdraw his guilty plea and did not appeal from the judgment of sentence. After his sentence had been served, on February 19, 1989, Pierce filed pro se a petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546. The trial court dismissed the petition without hearing and without appointment of counsel after determining that Pierce was ineligible for relief under the P.C.R.A. because he had completed his sentence. On appeal from this order, Pierce contends that the trial court erred when it dismissed his petition. His petition attacking the conviction collaterally was not moot, he argues, because of the collateral criminal consequences flowing therefrom.

The Post Conviction Relief Act, which became effective April 13, 1988, provides that to be eligible for relief, a

person must plead and prove by a preponderance of the evidence:

(1) That the person has been convicted of a crime under the laws of this Commonwealth and is:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1). The P.C.R.A. court dismissed appellant's petition for relief because he was not "currently serving a sentence of imprisonment, probation or parole for the crime" or waiting to serve a sentence for such crime.

██ Although the legislative history of the P.C.R.A. is scant, legislative intent may be ascertained by considering, inter alia, the former law, if any, including statutes upon the same or similar subjects. 1 Pa.C.S. § 1921(c)(5). The Post Conviction Hearing Act, the predecessor to the Post Conviction Relief Act, required merely that a petitioner be incarcerated. Because of the general nature of this requirement, the Supreme Court created an exception to the mootness doctrine, which was known as the "collateral consequences" doctrine.

In *Commonwealth v. Sheehan,* 446 Pa. 35, 285 A.2d 465 (1971), the Supreme Court held that when a criminal sentence has been fully satisfied, a collateral attack upon the underlying conviction is not moot and can be considered if it is shown that the criminal sentence may directly affect any subsequent criminal prosecution or conviction. This rule was later extended to have application even if one could not show any criminal consequences, but could show actual or potential civil consequences. See: *Commonwealth v. Rohde,* 485 Pa. 404, 402 A.2d 1025 (1979); *Commonwealth v. Doria,* 468 Pa. 534, 364 A.2d 322 (1976). See also: *Commonwealth v. Markley,* 348 Pa.Super. 194, 501 A.2d 1137 (1985).

*Commonwealth v. Carter*, 362 Pa.Super. 70, 73, 523 A.2d 779, 780 (1987).

The Post Conviction Relief Act, however, limits eligibility for relief to a person who is "currently" serving a sentence on the conviction which he or she seeks to attack collaterally or waiting to serve such a sentence. A change in the language of a statute ordinarily indicates a change in the legislative intent. *Masland v. Bachman*, 473 Pa. 280, 374 A.2d 517 (1977). Moreover, the legislature must be presumed to have intended every word of the statute to have effect. *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979). See also: *Commonwealth v. Scott*, 376 Pa.Super. 416, 546 A.2d 96 (1988); *Commonwealth v. Saul*, 346 Pa.Super. 155, 499 A.2d 358 (1985); *Commonwealth v. Mlinarich*, 345 Pa.Super. 269, 498 A.2d 395 (1985) (en banc); *Commonwealth v. Carr*, 334 Pa.Super. 459, 483 A.2d 542 (1984); *Commonwealth v. Slyman*, 334 Pa.Super. 415, 483 A.2d 519 (1984). The legislature will not be presumed to have intended the additional language as mere surplusage. 1 Pa.C.S. § 1921(a), 1922(2). See also: *Commonwealth v. Scott, supra; Commonwealth v. Saul, supra; Commonwealth v. Carr, supra; Commonwealth v. Slyman, supra.* Thus, the language of the new statute which requires that a person be currently serving or waiting to serve a sentence for the conviction which he seeks to attack must be given effect.

The title and preamble of a statute may also be considered in determining the intent of the legislature. 1 Pa.C.S. § 1924. Section 9542, the preamble of the Post Conviction Relief Act, discloses the legislature's intent to limit the availability of P.C.R.A. relief to petitioners whose sentences have not yet expired. The section provides in pertinent part:

§ 9542. **Scope of subchapter**

This subchapter provides for an action by which persons convicted of crimes they did not commit or serving unlawful sentences may obtain collateral relief and for an

action by which persons can raise claims which are properly a basis for Federal habeas corpus relief.

42 Pa.C.S. § 9542. Under the federal habeas corpus law, relief is not available unless a person is "in custody" for the conviction established. 28 U.S.C.A. § 2254(a). In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court held that a person whose sentence has fully expired at the time the petition is filed is not "in custody" even though collateral consequences flow from the prison conviction. In so holding, the Court reasoned "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at ——, 109 S.Ct. at 1926, 104 L.Ed.2d at 545. See also: *United States v. Bush*, 888 F.2d 1145 (7th Cir.1989); *Hendrix v. Lynaugh*, 888 F.2d 336 (5th Cir.1989); *Waldon v. Cowley*, 880 F.2d 291 (10th Cir.1989); *Taylor v. Armontrout*, 877 F.2d 726 (8th Cir.1989); *Unger v. Cohen*, 718 F.Supp. 185 (S.D.N.Y.1989). The provision under the P.C. R.A. requiring that a petitioner be "currently serving" or waiting to serve a sentence for the prior conviction in order to be eligible for relief is consistent with the federal habeas corpus provision requiring that a petitioner be "in custody" in order to obtain relief.

 The Post Conviction Relief Act, when read as a whole and in conjunction with it's predecessor, the Post Conviction Hearing Act and the law pertaining to federal habeas corpus relief, leads us to conclude that the language of the Post Conviction Relief Act pertaining to eligibility for relief was intended to limit relief to those petitioners whose sentences have not expired and to preclude relief for those whose sentences have expired, regardless of collateral consequences. Therefore, the order of the lower court will be affirmed.

Order affirmed.