## Commonwealth v. Summa

*George P. Skumanick Jr., district attorney,* for the Commonwealth.

*Gerald C. Grimaud,* for defendant.

VANSTON, *P.J.,* October 29, 1992—This opinion is written subsequent to the court's receipt of the defendant's notice of appeal to the Superior Court of Pennsylvania.

Following a jury trial in 1991, the defendant was found guilty by that jury of resisting arrest (18 Pa.C.S. §5104) and disorderly conduct (18 Pa.C.S. §5503(a)(1)), both graded as misdemeanors. The jury acquitted the defendant on the charge of driving under the influence (75 Pa.C.S. §3731(a)(1)). At the same time, this court ruled upon the summary charges listed in the criminal information and found the defendant guilty of driving without lights to avoid identification or arrest (75 Pa.C.S. §3734). He was found not guilty by the court on two other summary motor vehicle violations.

On the misdemeanor charges, the defendant was sentenced to undergo imprisonment in the Wyoming County Prison for not less than six nor more than 23 1/2 months. He has since been paroled on that sentence. On the

summary vehicle violation, he was sentenced to pay a fine of $200.

Following his sentencing, the defendant obtained new counsel who has filed a Post Conviction Relief Act petition, the principal thrust of which is to attack the summary vehicle conviction and not the two misdemeanor convictions. The apparent reason for this is that the defendant has been notified that the Pennsylvania Department of Transportation, Bureau of Driver Licensing, intends to suspend his driver's license. An appeal from such suspension is also pending before this court.

Following hearing on the Post Conviction Relief Act petition and the receipt of briefs from counsel, this court dismissed the said petition for lack of jurisdiction. The Post Conviction Relief Act (42 Pa.C.S. §9541, et seq.) provides, in relevant portion:

"Section 9543. *Eligibility for Relief*—

"(a) General rule—To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following:

"(1) That the person has been convicted of a crime under the laws of this Commonwealth and is:

"(i) currently serving a sentence of imprisonment, probation or parole for the crime;

"(ii) awaiting execution of a sentence of death for the crime; or

"(iii) serving a sentence which must expire before the person may commence serving the disputed sentence."

226

Further, the Post Conviction Relief Act is the "sole means of obtaining collateral relief" in criminal matters. See section 9542.

As to the summary conviction for driving without lights to avoid identification or arrest, for which the only penalty was a fine, it is clear that the Post Conviction Relief Act does not apply and that this court is without jurisdiction to grant the relief requested. See *Commonwealth v. Pierce,* 397 Pa. Super. 126, 579 A.2d 963 (1990).