J-S55027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KIM PHOUNG (a/k/a PHUONG KIM | : | |
| LOI), | : | |
| | : | |
| Appellant | : | No. 3566 EDA 2013 |

Appeal from the PCRA Order Entered October 18, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0701281-2004.

BEFORE:  BOWES, SHOGAN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 20, 2014**

Appellant, Kim Phoung, a/k/a Phuong Kim Loi, appeals from the order denying her petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the history of this case as follows:

> In 2001, Appellant came to the United States from Vietnam as a legal permanent resident.  She has been deaf since childhood.  On April 14, 2004, Appellant threw a stroller carrying her two-year old daughter into the street.  (N.T. 12/22/2004 at 10).  Her daughter sustained a cut on her forehead and was treated at Saint Christopher's Hospital in Philadelphia, Pennsylvania. *Id*. at 11.
>
> On December 22, 2004, Appellant appeared before this Court and entered a negotiated guilty plea to the charge of aggravated assault, graded as a felony of the second degree. Appellant used an American Sign Language interpreter during the guilty plea hearing.

On March 2, 2005, Appellant was sentenced to four years probation.[1]  On June 9, 2010, Appellant applied to renew her permanent resident card and during the application process, her conviction in this matter was discovered.  On April 8, 2011, she was placed into removal proceedings by the United States Department of Homeland Security.  While preparing for the removal proceedings, it was discovered that Appellant had difficulty communicating with the American Sign Language interpreter retained for her use.

Consequently, Appellant filed a PCRA petition, and alternatively, a motion to withdraw her guilty plea and/or to reinstate her appellate rights *nunc pro tunc* on August 9, 2012.

PCRA Court Opinion, 12/18/13, at 2 (footnote added).

On October 18, 2013, the PCRA court dismissed Appellant's PCRA petition on the basis that she was no longer in custody.  This appeal followed.

Appellant presents the following issues for our review:

1. WHETHER IN THE CIRCUMSTANCES OF THIS CASE, WHERE APPELLANT WAS MANIFESTLY NOT COMPETENT TO ENTER A PLEA OR COMMUNICATE VIA AMERICAN SIGN LANGUAGE, JUSTICE AND DUE PROCESS REQUIRE THAT APPELLANT'S POST-CONVICTION RELIEF ACT PETITION BE HEARD NOTWITHSTANDING APPELLANT'S COMPLETION OF HER CRIMINAL SENTENCE.

2. WHETHER, IN THE EVENT APPELLANT'S PCRA PETITION MAY NOT BE HEARD, APPELLANT SHOULD BE PERMITTED TO WITHDRAW HER GUILTY PLEA, OR, ALTERNATIVELY, HAVE HER APPELLATE RIGHTS REINSTATED, ON THE GROUND THAT SHE WAS NEVER COMPETENT TO ENTER A GUILTY PLEA.

Appellant's Brief at 4.

_____

[1] Appellant did not file a direct appeal from her judgment of sentence.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Before we address the issues before us, we must first consider whether Appellant is eligible for relief under the PCRA. Thus, we must address whether Appellant satisfied the requirements of the PCRA, which are as follows:

> **(a) General rule. --** To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) currently serving a sentence of imprisonment, probation or parole for the crime;
> > >
> > > (ii) awaiting execution of a sentence of death for the crime; or
> > >
> > > (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543.

As our Supreme Court explained in **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997), the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. To be eligible for relief a petitioner must be currently serving a sentence of imprisonment, probation or parole. **Id**. To grant relief at a time when appellant is not currently serving such a sentence would be to ignore the language of the statute. **Id**.

Our review of the record reflects that Appellant invoked the PCRA when she filed the instant petition on August 9, 2012. However, as indicated in the PCRA court's opinion dated December 18, 2013, the record reveals Appellant has finished serving her Pennsylvania sentence pertinent to the conviction stated above. Specifically, the PCRA court's opinion offered the following relevant analysis:

> The Post Conviction Relief Act was intended to limit relief to those petitioners whose sentences have not expired and to preclude relief for those whose sentences have expired, regardless of collateral consequences. *Commonwealth v. Pierce*, 579 A.2d 963, 966 (Pa. Super. Ct. 1990).
>
> The Supreme Court of Pennsylvania recently issued a decision in *Commonwealth v. Turner*[, 80 A.3d 754 (Pa. 2013)], a case that dealt with the constitutionality of Section 9543(a)(1)(i) of the Post Conviction Relief Act, which conditions the availability of post-conviction relief on whether the petitioner is currently serving a sentence of imprisonment, probation, or parole. *Commonwealth v. Turner*, 2013 WL 6134575, No. 52

EAP [2011], 1 (Nov. 22, 2013). In *Turner*, the PCRA court held that the petitioner's constitutional right to due process would be violated if she were prohibited from obtaining collateral relief on her timely claim of trial counsel's ineffectiveness, simply because she had completed her sentence. *Id*. The Supreme Court concluded that the petitioner had no due process right to be heard outside the limits imposed by Section 9543(a)(1)(i) of the PCRA, finding that "the legislature was aware that the result of the custody or control requirement of Section 9543(a)(1)(i) would be that defendants with short sentences would not be eligible for collateral relief." *Id*. at 9.

In the present action, this Court lacks jurisdiction to decide Appellant's matter because Appellant's sentence has expired. Pursuant to 42 Pa.C.S.A. § 9543(a)(1), and in accordance with our Supreme Court's decision in *Commonwealth v. Turner*, Appellant must prove by a preponderance of the evidence that she is currently serving her sentence of probation. When Appellant initially brought her PCRA Petition before this Court in August of 2012, her sentence had already expired. Appellant was sentenced to four years probation on March 2, 2005 and her sentence was complete in March of 2009. As a result, Appellant is not eligible for collateral relief under the PCRA.

PCRA Court Opinion, 12/18/13, at 3-4.

Likewise, our review indicates that, at the time of the filing of this PCRA petition, Appellant was neither in custody nor subject to any parole or probation because she was sentenced on March 2, 2005, to a term of probation of four years. Indeed, the record reflects Appellant has finished serving her sentence of probation pertinent to the conviction stated above. Appellant essentially concedes in her appellate brief that she has completed serving her probationary sentencing in the instant matter. Appellant's Brief at 18. Therefore, Appellant cannot satisfy the requirements of the PCRA.

Accordingly, the PCRA court had no authority to entertain a request for relief under the authority of the PCRA. Thus, Appellant is ineligible for relief pursuant to the PCRA, and the denial of Appellant's PCRA petition was proper.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2014

---

[2] To the extent that Appellant presents alternative attempts to invoke jurisdiction, *i.e.*, that her PCRA petition should be considered to be a petition for reinstatement of her direct appeal rights *nunc pro tunc*, or an untimely post-sentence motion, we observe that such claims lack merit. A petition for *nunc pro tunc* relief "must be considered a PCRA petition, as the PCRA is the only means for restoring direct appeal rights." ***Commonwealth v. Johnson***, 841 A.2d 136, 139 (Pa. Super. 2003). ***See also Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001) (stating that "[t]he plain language of the [PCRA] demonstrates that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act").