J-S77001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL ALTON A/K/A ALTON D. BROWN | |
| Appellant | No. 134 EDA 2007 |

Appeal from the PCRA Order entered December 7, 2006
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0807861-1997

BEFORE: STABILE, JENKINS, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 31, 2015**

Appellant, Daniel Alton a/k/a Alton D. Brown, appeals from the order of the Court of Common Pleas of Philadelphia County, which granted his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Upon review, we dismiss this appeal because Appellant is not eligible for relief under the PCRA.

The PCRA court summarized the procedural background as follows:

> Appellant was originally before this [c]ourt, sitting with a jury, from June 26 – July 2, 1998 charged with [r]obbery and related offenses. Appellant was convicted and sentenced to the following on March 19, 1999: two counts of [r]obbery . . ., five to ten years each running concurrent; [v]iolation of the Uniform Firearms Act . . . – [c]arrying firearms on public property . . . , two to four years, consecutive to the [r]obbery convictions;

---

[*] Retired Senior Judge assigned to the Superior Court.

[p]ossessing an instrument of crime . . . , two to four years consecutive to [the r]obbery convictions; and [c]riminal conspiracy . . ., two to four years, concurrent with the [r]obbery convictions.

Appellant timely filed an appeal, but it was dismissed by [this Court] on February 2, 2001 for counsel's failure to file a brief.

Trial Court Opinion, 1/23/12, at 1.

On April 4, 2002, Appellant filed a *pro se* PCRA petition requesting reinstatement of his direct appeal rights *nunc pro tunc*. The trial court dismissed the petition on November 19, 2002.[1] It appears Appellant did not appeal the denial of his petition; rather, on March 11, 2003, he filed a PCRA petition, which the trial court dismissed on January 5, 2004, as untimely.[2] On appeal, on November 17, 2005, this Court vacated the order of the trial court, and remanded for an evidentiary hearing on the timeliness of Appellant's PCRA petition, and for appointment of new counsel. "On December 7, 2006, following an evidentiary hearing, [the trial c]ourt granted

_____

[1] A review of the record indicates that the timeliness of the 2002 PCRA petition was at issue. **See** Defendant's Amended Objection to Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 11/14/02, at 1-2; **see also Commonwealth v. Daniel Alton A/K/A Alton D. Brown**, No. 704 EDA 2004, unpublished memorandum at 3-4 (Pa. Super. filed November 17, 2005). In this appeal, neither party raised or addressed the timeliness of the 2002 PCRA petition. The only jurisdictional issue on appeal is whether Appellant is eligible for PCRA relief despite the fact he served his sentence.

[2] In the 2003 PCRA petition, Appellant sought reinstatement of his right to appeal the 2002 PCRA petition *nunc pro tunc*, so that he could pursue the reinstatement of his direct appeal rights *nunc pro tunc*. **See** PCRA Petition, 3/11/03, at 4.

reinstatement of Appellant's right to appeal nunc pro tunc by agreement of both parties." *Id.*[3]

Appellant filed his *nunc pro tunc* appeal on January 3, 2007. In the following years, this matter went back and forth between this Court and the trial court mainly for one reason: reconstruction of the trial court record, in

---

[3] The order issued on December 7, 2006 indicates the PCRA court granted Appellant's right to file a direct appeal *nunc pro tunc*. PCRA Court Order, 12/7/06. An order from this Court dated September 18, 2009 acknowledges the PCRA court order of December 7, 2006 as granting Appellant's direct appeal rights *nunc pro tunc*. Order, 9/18/09, at 2. However, prior and subsequent trial court docket entries as well parties' filings suggest that on December 7, 2006, the PCRA court granted the relief requested in his 2003 PCRA petition, *i.e.*, "PCRA Appeal Nunc pro Tunc," PCRA Petition, 3/11/03, at 4, not the relief requested in his 2002 PCRA petition (*i.e.*, reinstatement of his direct appeal rights). Had the PCRA court granted in 2006 the relief requested in 2002 (direct appeal *nunc pro tunc*), Appellant would not have had reasons to appeal it. Additionally, having failed to timely appeal the 2002 order dismissing his petition, Appellant could not have obtained the reinstatement of his direct appeal rights without being first granted the right to appeal the 2002 order *nunc pro tunc*. A review of Appellant's notice of appeal indicates that Appellant challenged "the granting of PCRA Relief (in part) entered in this matter on December 7, 2006." Notice of Appeal, 1/3/07. It is unclear why Appellant challenged, and is still challenging, the December 7, 2006 order. The Commonwealth states that this is an appeal *nunc pro tunc* from the 2002 order, not from the 2006 order. While it appears a reasonable reconstruction of the procedural history of the case, it is not relevant, as neither the analysis nor the result changes. We cannot review either of the PCRA orders. For purposes of this litigation, neither party suggests this is a direct appeal, as opposed to a PCRA appeal. At any rate, we do not need to decide whether the 2006 order granted reinstatement of Appellant's direct appeal rights or Appellant's right to appeal the 2002 dismissal. Regardless of the relief granted, Appellant here challenges a PCRA order, which, as explained below, we cannot review as we lack jurisdiction to do so.

particular the transcript of the suppression and trial proceedings, which proved to be impossible.[4]

On June 11, 2013, in response to orders from this Court,[5] the trial court held it was "without jurisdiction [to entertain Appellant's PCRA petition]

_____

[4] The trial court explained the unavailability of the notes of testimony as follows: "Unfortunately, the notes of testimony for the suppression hearing and trial dates were never produced by the court stenographer, who left the [court] before transcribing the record and have been unobtainable." Trial Court Opinion, 1/23/12, at 2. Nonetheless, the trial court stated it was able to reconstruct the facts of the case "from the Quarter Sessions file, the March 11, 1999 transcript, and the [c]ourt's own notes of trial." *Id.* at 1-2. It also noted the following:

> On March 11, 2011, the [c]ourt filed Orders under Rule 1923 and 1924 requesting Appellant [to] prepare a Statement of record in absence of the transcript, set forth any facts averred, and proceed in the absence of the transcript. To date, Appellant has not provided or averred any additional facts outside of those previously placed on the record. As such, this [c]ourt is constrained by its own recollection and incorporates only those facts on the record.

*Id.* at 2.

[5] The orders in question are the December 26, 2012 and May 30, 2013 orders. The first one reads as follows:

> Upon consideration of the pro se "Appellant's Request for Order Remanding to Trial Court for a Hearing for Purposes of Reconstructing Trial Record, and Order Forcing Trial Court [to] Comply with this Court's previous Order Directing Statement Pursuant to Rule 1924," the record is hereby remanded to the trial court for ninety days for the trial court [to] entertain the Appellant's request for a hearing and to provide the parties with an opportunity to prepare a statement pursuant to Pa.R.A.P. 1924. . . . Jurisdiction retained." Order, 12/26/12.

*(Footnote Continued Next Page)*

- 4 -

in that, [Appellant] is no longer serving a sentence of imprisonment, parole or probation in this case. [Appellant] has completely satisfied his sentence[] of March 19, 1999." Trial Court's Response to Superior Court Orders, 6/11/13. Several applications and orders later, this case is now before us for disposition.

On appeal, Appellant raises the following issues for our review:

Was the Appellant denied the right of meaning[ful] review of his [PCRA] [p]etition raising issues of ineffective assistance of counsel since trial court was unable to reconstruct the trial record and no alternative means were necessary [sic] and there was no equivalent report available, thereby, requiring the reversal of his criminal conviction for robbery and related offenses since fundamental due process was violated?

Is there jurisdiction since the sentence was still in effect when the PCRA Petition was filed[?]

Appellant's Brief at 4.

Before we can review the merits of Appellant's challenge, we must determine whether we have jurisdiction to entertain such review. Upon review, we conclude we do not.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

The second order reads as follows:

Upon consideration of the pro se "Appellant's Notice of Trial Court's Failure to Comply with Order of 12/26/12," the trial court is directed to advise this Court of the status of its compliance with this Court's December 26,2012 [] Order within twenty days of the date that this Order is filed.

Order, 5/30/13.

To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime" or "awaiting execution of a sentence of death for the crime" or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).[6] Here, it is undisputed that Appellant does not meet any of the foregoing eligibility requirements because he completed his sentence in 2013. *See* Trial Court's Response to Superior Court Orders, 6/11/13; Appellant's Brief at 7, 12, 12-13.[7]

Aware that the clear language of the statute precludes consideration of his petition, Appellant argues the eligibility requirements at issue here were met at the time of the filing, and the mere fact he is currently no longer

---

[6] These requirements apply to all PCRA claims, including those of constitutional dimension. Thus, even if Appellant alleges that the impossibility of reconstructing the transcripts amounts to a due process violation, "due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence." *Commonwealth v. Turner*, 80 A.3d 754 (Pa. 2013).

In passing, Appellant states he also has raised issues of ineffective assistance of all prior counsel. Appellant's Brief at 15. Even if we were to assume he in fact raised those issues, ineffective assistance of counsel claims are also subject to the same restrictions set forth in 42 Pa.C.S.A. § 9543(a). *See*, *e.g.*, *Commonwealth v. Auchmuty*, 799 A.2d 823, 825-26 (Pa. Super. 2002).

[7] Nonetheless, "[Appellant] has advised [his current counsel] he wants to pursue this appeal even though there is little practical effect." Appellant's Brief at 12.

serving a sentence in this matter is of no moment. Appellant's Brief at 12-13. In support, Appellant relies on **Commonwealth v. Markley**, 501 A.2d 1137 (Pa. Super. 1982), and **Turner**. This argument is meritless.

Our Supreme Court addressed this precise issue in **Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997), a case Appellant overlooks. In **Ahlborn**, the appellant finished his sentence after he filed his PCRA petition. **Id.** at 719. The Supreme Court denied him relief under the PCRA on the basis that he was not currently serving a sentence. **Id.** at 721. The Supreme Court reasoned:

> The denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the [PCRA]. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.

**Id.** at 720 (emphasis in original); **see also Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa. Super. 2006) (noting that "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition").

Reliance on **Markley** and **Turner** is misplaced. According to Appellant, the "**Markley** case noted there were other consequences in addition to just being on probation or parole or jail." Appellant's Brief at 13. Appellant fails to note that **Markley** is a Post Conviction Hearing Act (PCHA) case, not a PCRA case. The PCHA, the predecessor of the PCRA,

> required merely that a petitioner be incarcerated. Because of the general nature of this requirement, the Supreme Court

created an exception to the mootness doctrine, which was known as the "collateral consequences" doctrine. . . .

The [PCRA], however, limits eligibility for relief to a person who is "currently" serving a sentence on the conviction which he or she seeks to attack collaterally or waiting to serve such a sentence. A change in the language of a statute ordinarily indicates a change in the legislative intent. . . . Thus, the language of the new statute which requires that a person be currently serving or waiting to serve a sentence for the conviction which he seeks to attack must be given effect.

*Commonwealth v. Pierce*, 579 A.2d 963, 964-65 (Pa. Super. 1990) (internal citations omitted). Thus, reliance on *Markley* is unwarranted.

Regarding *Turner*, Appellant misapprehends the facts and law of that case. Appellant states "the Court allowed the case to proceed" despite the fact appellant was no longer serving her sentence. Appellant's Brief at 13. The Supreme Court, in fact, reiterating *Ahlborn*, reversed the trial court, and held exactly the opposite: appellant was not eligible for collateral review because she had completed her sentence in the meantime. *Turner*, 80 A.3d at 766-67.

In light of our Supreme Court's decision in *Ahlborn*, we must conclude that Appellant's instant appeal must be dismissed. Appellant fails to meet the PCRA's eligibility requirements because he has completed his sentence.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/31/2015