J-S31036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVE ANTHONY VALENTI, | : | |
| | : | |
| Appellant | : | No. 1729 MDA 2015 |

Appeal from the PCRA Order September 16, 2015
in the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001071-2013

BEFORE:    SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                          **FILED MAY 24, 2016**

Steve Anthony Valenti (Appellant) appeals *pro se* from the September 16, 2015 order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  We affirm.

On October 10, 2013, Appellant pled guilty to simple assault.  On October 22, 2013, Appellant was sentenced to a term of incarceration of not less than 30 days nor more than 23 and one half months. No direct appeal was taken.  On October 7, 2014, Appellant filed *pro se* a timely PCRA petition, which was denied by the trial court without a hearing on September

---

[1] Also before this Court is Appellant's "Motion for Leave to File Amended Brief."  After review, it is clear that this filing is, in actuality, a reply brief addressing issues raised in Appellee's brief.  Because Appellant may file a reply brief as of right, *see* Pa.R.A.P. 2113, we deny his motion as moot.

*Retired Senior Judge assigned to the Superior Court.

17, 2015. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Before we may address Appellant's substantive claims on appeal, we must consider whether he is eligible for PCRA relief. Appellant was sentenced on October 22, 2013, to a period of incarceration of not less than 30 days nor more than 23 and one half months. The record reflects that Appellant was granted parole on November 8, 2013 and his penalty was satisfied on February 13, 2014. "Eligibility for relief under the PCRA is dependent upon the petitioner [pleading and proving by a preponderance of the evidence that he is] currently serving a sentence of imprisonment, probation, or parole for a crime." *Commonwealth v. Turner*, 80 A.3d 754, 761-62 (Pa. 2013); 42 Pa.C.S. § 9543(a)(1)(i). As our Supreme Court has explained, as soon as his sentence is completed, a PCRA petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997).

Appellant contends that application of *Turner* and *Ahlborn* violates his right to due process under the Fourteenth Amendment. Appellant's Reply Brief at 2-3. Specifically, Appellant contends that his case is distinguishable from *Ahlborn* because he still has a protected liberty interest at stake that requires an exception to section 9543(a)(1)(i), namely that application of 18 U.S.C. § 922(g)(9), which precludes possession of a

firearm by a person convicted in any court of a misdemeanor crime of domestic violence, constitutes a continuing violation of his right to bear arms under the Second Amendment. *Id.*

Appellant's argument is without merit. Our Supreme Court has held that the prohibitions to firearms privileges imposed on an individual are the civil consequences that result from a criminal conviction.

> The legislative history behind § 922(g) suggests it was enacted to keep guns out of the hands of those who have demonstrated that they may not be trusted to possess a firearm without becoming a threat to society. The evident intent of the disability imposed by § 922(g) was not to punish past conduct, but to protect society from the risk of firearms in the hands of those who have demonstrated by their past criminal behavior that they have difficulty conforming to the law. Thus, the intent of § 922(g) was to promote public safety, not to impose punishment.

*Lehman v. Pennsylvania State Police*, 839 A.2d 265, 271 (Pa. 2003) (footnotes, citations, and quotation marks omitted). This Court has consistently interpreted the PCRA to preclude relief for those petitioners whose sentences have expired, even where there are continuing collateral consequences of their sentences. *Commonwealth v. Hayes*, 596 A.2d 195 (Pa. Super. 1991) (*en banc*); *Commonwealth v. Pierce*, 579 A.2d 963, 966 (Pa. Super. 1990).

Accordingly, because Appellant has not met his burden of proving that he is still serving a sentence of imprisonment, probation, or parole for the crime, he is ineligible for PCRA relief. 42 Pa.C.S. § 9543(a)(1)(i). As

Appellant is ineligible for PCRA relief, we need not reach the merits of his claims. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016