J-S62040-15

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID BRICKER | |
| Appellant | No. 849 WDA 2015 |

Appeal from the Judgment of Sentence May 13, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000835-2014

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    FILED MARCH 23, 2018

Appellant, David Bricker, is before us upon remand from the Pennsylvania Supreme Court with regard to his appeal from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial convictions of unlawful contact with a minor—sexual offenses, indecent assault—victim less than sixteen (16) years of age, and harassment.[1]  We remand for resentencing.

The trial court summarized the relevant facts and procedural history of this case as follows:

> In October of 2013, ...the minor victim, met Appellant
> David Bricker through her neighbor, [L.R.], who was dating

_____

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 3126(a)(8), and 2709(a)(1), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant at the time. [L.R.] knew Appellant as David Kennedy and introduced him to the victim as such. After they met, Appellant and the victim started communicating with each other. Their communications took many forms, whether it was in person or electronically. The victim testified she obtained Appellant's online contact information from Appellant so they could communicate with each other over the internet. She testified they would communicate online "every once in a while" and the content of the conversations included things only the two of them knew about. Specifically, [the victim] testified [Appellant] would tell her he wanted to be with her and he wanted to marry her.

One afternoon in November of 2013, [L.R.] and Appellant asked the victim and her brother...to help clean [L.R.'s] attic. Appellant, the victim, and her brother were cleaning the attic; [L.R.] only came up to the attic periodically. While they were cleaning the attic, Appellant on several occasions asked the victim's brother to take chairs downstairs, leaving the victim and Appellant alone in the attic.

While Appellant was alone in the attic with the victim, he told her that he loved her and not to tell anyone. Appellant also kissed the victim on the lips and grabbed and squeezed her buttocks. This was corroborated by the victim's brother, who testified that before he went downstairs, he saw Appellant kiss his sister on the lips and [grab] her buttocks.

About a month later, Patrick Ruff, a Connellsville City Police Officer, was notified that the victim's father found messages between Appellant and the victim. The case was initially reported to Officer Ruff regarding a person named David Kennedy; however, throughout his investigation, Officer Ruff ascertained David Kennedy's real name to be David Allen Bricker. Officer Ruff also determined [the victim's] date of birth...and Appellant's date of birth.... Therefore, the child victim was fifteen (15) years of age and [Appellant] was fifty-one (51) years of age at the time of the offense.

(Trial Court Opinion, filed July 27, 2015, at 2-4) (internal footnote and

citations to record omitted). At the beginning of Appellant's trial, defense counsel filed an oral motion in limine to exclude any alleged text messages, emails, or internet messages between Appellant and the victim, as well as any related testimony. Defense counsel argued the Commonwealth had not properly authenticated that Appellant had sent any of the messages. The court denied the motion.

On February 5, 2015, a jury convicted Appellant of unlawful contact with a minor—sexual offenses, indecent assault—victim less than 16 years of age, and harassment. That same day, the court sentenced Appellant to an aggregate term of three and one-half (3½) to seven (7) years' imprisonment. The court also deemed Appellant to be a sexually violent predator ("SVP"), which subjected Appellant to a lifetime registration under the Sex Offender Registration and Notification Act ("SORNA").[2] Appellant timely filed a post-sentence motion, which the court denied on May 18, 2015. On May 27, 2015, Appellant timely filed a notice of appeal. The court ordered Appellant, on May 28, 2015, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on May 29, 2015.

_____

[2] SORNA, at 42 Pa.C.S.A. §§ 9799.10-9799.41, became effective on December 20, 2012, before the commission of these offenses in 2013. SORNA replaced Megan's Law as the statute governing the registration and supervision of sex offenders. SORNA was recently amended by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018.

On appeal, Appellant challenged: (1) the trial court's denial of Appellant's motion in limine to exclude emails and text messages, which Appellant purportedly authored to the victim and all testimony concerning those emails and text messages; (2) the sufficiency of the Commonwealth's evidence to prove beyond a reasonable doubt that Appellant intentionally contacted the victim for the purpose of engaging in activity prohibited under the crimes code; (3) the sufficiency of the Commonwealth's evidence to prove beyond a reasonable doubt that Appellant had indecent contact with the victim, as defined pursuant to 18 Pa.C.S.A. § 3101; and (4) the court's sentence as excessive and unconstitutional.

Regarding Appellant's issues one through three, this Court initially affirmed based on the trial court opinion. (See Trial Court Opinion at 6-9) (finding: (1) Commonwealth did not admit any physical evidence regarding electronic communications between victim and Appellant; mention of communications came only from victim's testimony that Appellant had sent her electronic messages; (2) Appellant had contact with victim on multiple occasions, including when Appellant communicated with her through internet messaging and when Appellant kissed her on her lips and grabbed and squeezed her buttocks, while they were both in L.R.'s attic in November 2013; Appellant's electronic and physical contact with victim was intentional; victim testified she received Appellant's online information directly from Appellant; Appellant would not have given victim information if Appellant

- 4 -

had no intent to communicate with victim; regardless of who created online account, act of getting on computer, signing into account, and communicating with victim was evidence of Appellant's intent to contact her; victim was 15 year-old minor; she testified that content of internet messaging included how Appellant wanted to be with her and marry her; Commonwealth established electronic communication was for purpose of engaging in sexual contact with victim; Appellant made victim's brother take chairs from attic down to basement, leaving Appellant alone with victim; jury could reasonably conclude Appellant's actions were for purpose of engaging in sexual contact with victim; Commonwealth satisfied its burden; (3) victim testified Appellant kissed her on her lips and grabbed and squeezed her buttocks; victim's brother testified that he saw Appellant kiss victim and grab her buttocks; lips and buttocks are sexual or intimate parts of body; jury reasonably concluded that electronic communication and physical contact were for purpose of arousing or gratifying Appellant's sexual desire). The record supported the court's decision to deny relief on issues one through three. Thus, we saw no reason to disturb that decision.

Regarding Appellant's excessiveness challenge to the discretionary aspects of sentencing, the trial court explained:

> Appellant was convicted of Unlawful Contact with a Minor, Indecent Assault, Person Less Than 16 Years of Age, and Harassment. Appellant was thereafter sentenced on the Unlawful Contact with a Minor conviction to a term of imprisonment of not less than 3½ years nor more than 7 years. Appellant's sentence did not exceed the statutory

maximum. Unlawful Contact with a Minor is a felony of the third degree, which carries with it a maximum of seven years. 18 Pa.C.S. § 1103(3). Appellant was sentenced up to seven years, falling within the maximum sentence.

Under the provisions of the Pennsylvania Sentencing Guidelines, Unlawful Contact with a Minor carries with it an offense gravity score of six. Taking into consideration Appellant's prior record score of four, the guidelines called for a standard range minimum of 15 to 21 months, an aggravated range minimum of 21 to 27 months, and a mitigated range minimum of 9 to 15 months. The sentence imposed by the [c]ourt of not less than 3½ years nor more than 7 years fell above the aggravated range.

Although Appellant's sentence fell outside the guidelines, his sentence was appropriate. The sentencing guidelines, though important, are only one factor, and they do not create a presumption. Commonwealth v. Walls, 592 Pa. 557, 575, 926 A.2d 957, 967 (2007). Thus, the guidelines are merely advisory and not binding on the [c]ourt. Commonwealth v. Feucht, 955 A.2d 377, 383 (Pa.Super. 2008). It is only required that the [c]ourt provide a contemporaneous written statement if it deviates from the guidelines. Id.

When a sentencing court deviates from the sentencing guidelines, it is important that the [c]ourt reflect a consideration of the sentencing guidelines, the background and character of the defendant, the circumstances of the crime, and impose a sentence that is consistent with the protection of the public and the rehabilitative needs of the defendant. Commonwealth v. Hoch, 936 A.2d 515 (Pa.Super. 2007). Following the imposition of sentence, the [c]ourt placed on the record the reason why it departed from the sentencing guidelines.

> As a departure, the [c]ourt, having imposed this sentence above the aggravated sentencing guideline range, has done so due to the serious nature of this offense, the prior Allegheny County rape conviction, [Appellant's] complete lack of remorse, the age of the victim at fifteen at the time of the offense and the age of [Appellant] at fifty-one.

> [Appellant], we've taken into consideration the nature of this offense, the seriousness of unlawful contact with a minor, a felony of the third degree, punishable by a term of imprisonment of up to seven years and a fine of up to $15,000.00. We've considered the number of offenses to which you've been found guilty and we've reviewed a presentence report, considered your prior record, taken into consideration your rehabilitative needs and the gravity of this offense and we feel a lesser sentence would depreciate from the seriousness of this crime and we feel you are in need of correctional treatment that can be provided most effectively by your commitment to an institution.
>
> Sentencing Transcript (pp. 18-19).
>
> The [c]ourt considered the nature and gravity of the offense, the statutory limit of incarceration, the Pennsylvania Sentencing Guidelines, and the presentence report.[3] The reasoning of the [c]ourt as set forth in the sentence colloquy adequately supports the sentence imposed against Appellant. Therefore, Appellant's final issue is without merit.

(Trial Court Opinion at 10-12). We accepted this reasoning and decided that Appellant's preserved discretionary aspects of sentencing issue merited no relief on appeal.

Likewise, we rejected Appellant's new claim, raised for the first time on appeal, that his lifetime registration requirement under SORNA was unconstitutional because the registration requirements violated the

_____

[3] Where a sentencing court had the benefit of a post-sentence investigative report, the law presumes the court was aware of and weighed the relevant information regarding the defendant's character and mitigating factors. See Commonwealth v. Tirado, 870 A.2d 362 (Pa.Super. 2005).

Pennsylvania and United States Constitutions' prohibition against cruel and unusual punishment. We based our decision primarily on the fact that Appellant was raising this particular constitutional challenge for the first time on appeal as a new theory of sentencing relief. We cited Commonwealth v. Haughwout, 837 A.2d 480, 486 (Pa.Super. 2003) (stating appellant may not successfully advance new theory of relief for first time on appeal) and said:

> "An appellate court should not address constitutional issues unnecessarily or when they are not properly presented and preserved in the trial court for our appellate review." Commonwealth v. Berryman, 649 A.2d 961, 973 (Pa.Super. 1994) (citation omitted). Here, Appellant challenges the constitutionality of his lifetime registration requirement for the first time in his brief. Appellant failed to raise this claim at sentencing, in a post-sentence motion, or in his Rule 1925(b) statement. Therefore, Appellant's claim is waived. See id.; Haughwout, supra.

Commonwealth v. Bricker, No. 849 WDA 2015, unpublished memorandum at 15 (Pa.Super. filed December 29, 2015). Consistent with the prevailing, interpretive legal precedent, we continued:

> Moreover, even if properly preserved, Appellant's challenge to the constitutionality of his lifetime registration requirement would merit no relief as Pennsylvania law states that the registration requirements under SORNA do not constitute criminal punishment. See Commonwealth v. McDonough, 96 A.3d 1067 (Pa.Super. 2014) (rejecting argument that SORNA unconstitutionally required defendant to register for period that exceeded statutory maximum sentence for associated crime; stating SORNA registration requirements are product of remedial legislation with non-punitive goal of public safety).

(Id.) Accordingly, we affirmed the judgment of sentence.

Appellant timely filed a petition for allowance of appeal with our Supreme Court on January 6, 2016. In his petition, he asserted two reasons for allowance of appeal: (1) the trial court erred in denying Appellant's motion in limine to exclude electronic messages purportedly authored by Appellant to victim and all testimony concerning those messages; and (2) the sentencing court imposed a harsh, severe, and manifestly unreasonable and excessive sentence in light of the circumstances surrounding the alleged incident. (See Appellant's Petition for Allowance of Appeal, filed 1/6/16, at 9-19.) Appellant's sentencing issue focused primarily on the court's deviation from the sentencing guidelines, as having been based solely on factors, such as the seriousness of the offense, Appellant's prior record score, Appellant's lack of remorse and the ages of those involved, which the guidelines already incorporated. In addition, Appellant complained he is now required to register as a sexually violent predator for the rest of his life, which Appellant contended was an additional sentence that was both illegal and unconstitutional. The root of his argument in the Supreme Court petition was that the trial court should not be imposing "civil" penalties at sentencing.

Further, Appellant stated any failure to comply with the SORNA registration requirements could result in criminal penalties, including additional incarceration, which is the very definition of a "criminal violation." Appellant also simply declared the additional lifetime registration was illegal

because it exceeded the statutory maximum penalty of seven years for the underlying conviction. Based on his conclusion that the SORNA registration requirements are punitive, Appellant then announced the registration requirements constituted cruel and unusual punishment in violation of the Pennsylvania and United States constitutions. Appellant concluded his lifetime registration period was manifestly unreasonable, excessive, and unconstitutional.

By order of January 3, 2018, the Supreme Court granted Appellant an allowance of appeal limited to the following issue:

> Did the sentencing court impose a harsh, severe, and manifestly unreasonable and excessive sentence in light of the circumstances surrounding the alleged incident?

(See Supreme Court Order, dated January 3, 2018, at 1.) The Supreme Court order succinctly directed: "The judgment of sentence is VACATED, and the case is REMANDED to the Superior Court for reconsideration in light of Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017)." (Id.) The Supreme Court granted no other relief and provided no further direction. Accordingly, this case is now before us for review of Appellant's sentencing issue per Muniz.

The Supreme Court's decision in Muniz leaves no doubt that the SORNA registration requirements constitute criminal punishment. See id. In light of Muniz, this Court later specifically held that the SVP designation process under SORNA is constitutionally flawed. Commonwealth v.

- 10 -

Butler, 173 A.3d 1212, 1215 (Pa.Super. 2017).[4]   In assessing the

implications of Muniz, the Butler Court reasoned:

> Apprendi and Alleyne apply to all types of punishment,
> not just imprisonment.   See S. Union Co. v. United
> States, 567 U.S. 343, 346–360, 132 S.Ct. 2344, 183
> L.Ed.2d 318 (2012).   Thus, as our Supreme Court has
> stated, if registration requirements are punishment, then
> the facts leading to registration requirements need to be
> found by the fact-finder chosen by the defendant, be it a
> judge or a jury, beyond a reasonable doubt.  …
>
> We recognize that our Supreme Court did not consider the
> ramifications of its decision in Muniz with respect to
> individuals designated as SVPs for crimes committed after
> SORNA's effective date.   Nonetheless, our Supreme Court's
> holding that registration requirements under SORNA
> constitute a form of criminal punishment is dispositive of
> the issue presented in this case.   In other words, since our
> Supreme Court has held that SORNA registration
> requirements are punitive or a criminal penalty to which
> individuals are exposed, then under Apprendi and
> Alleyne, a factual finding, such as whether a defendant
> has a "mental abnormality or personality disorder that
> makes [him…] likely to engage in predatory sexually
> violent offenses [,]" 42 Pa.C.S.A. § 9799.12, that increases
> the length of registration must be found beyond a
> reasonable doubt by the chosen fact-finder.   Section
> 9799.24(e)(3) identifies the trial court as the finder of fact
> in all instances and specifies clear and convincing evidence
> as the burden of proof required to designate a convicted
> defendant as an SVP.   Such a statutory scheme in the

_____

[4] In Butler, the defendant challenged his SVP designation on appeal as unconstitutional because it violated his fundamental right to protect his reputation, under the Pennsylvania Constitution.   The Butler Court, however, sua sponte focused only on the SVP designation process as leading to an illegal sentence, under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), without addressing the constitutional question presented.

criminal context cannot withstand constitutional scrutiny. Accordingly, ...section 9799.24(e)(3) is unconstitutional and Appellant's judgment of sentence, to the extent it required him to register as an SVP for life, was illegal.

\* \* \*

In sum, we are constrained to hold that section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt. ...

Id. at 1217-18. Given Muniz's declaration on the punitive nature of the SORNA registration requirements generally, Appellant's SVP designation is part of the sentence the Supreme Court has already vacated.

Appellant's convictions are not in question at this time. The Supreme Court vacated the judgment of sentence and sent the case back to this Court solely to review the sentence under Muniz. Appellant committed his offenses in 2013, after the effective date of SORNA, so his case presents no clear ex post facto violation under Muniz by applying SORNA to his convictions.[5] We therefore remand the case to the trial court to resentence Appellant including his SORNA registration obligations. At resentencing, Appellant shall have the appropriate full and fair opportunity to raise, develop, argue, and preserve his constitutional challenges to his new reporting requirements. Those grounds Appellant has identified, but failed

_____

[5] Muniz did not address the constitutional challenges Appellant generally alludes to on appeal, without full and proper preservation or development.

to develop on this current appeal, may include: (1) are the SORNA reporting requirements an unconstitutional extension of the statutory maximum sentence for the underlying offense(s);[6] (2) are the SORNA reporting requirements cruel and unusual punishment; plus (3) any other basis Appellant can reasonably support to contest the new sentence. We decline to make those arguments for Appellant here. See, e.g., Commonwealth v. Hardy, 918 A.2d 766, 771 (Pa.Super. 2007), appeal denied, 596 Pa. 703, 940 A.2d 362 (2008) (reiterating general principle that appellate court will not act as counsel for appellant and develop arguments on appellant's behalf); Commonwealth v. Gould, 912 A.2d 869, 873 (Pa.Super. 2006) (declining to address equal protection challenge to judgment of sentence because appellant failed to develop issue fully in his appellate brief).

Accordingly, we remand for resentencing. At resentencing, Appellant should be subject to resentencing under the law, including that version of the SORNA registration requirements in effect at the time he committed the offenses which led to his convictions. To apply SORNA, as amended under H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018, to

---

[6] See, e.g., Apprendi, supra, Alleyne, supra, and Commonwealth v. Aponte, 576 Pa. 246, 855 A.2d 800, 811 (2004) (stating: "[I]n cases where the fact which increases the maximum penalty is not a prior conviction and requires a subjective assessment, anything less than proof beyond a reasonable doubt before a jury violates due process. Additionally, any judicial finding which results in punishment beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt").

Appellant's resentencing would violate the ex post facto prohibition against inflicting a greater punishment than the law annexed to the offenses when he committed them, if the mandatory three-year probationary tail associated with Section 9799.14(d) applies to him. See generally Commonwealth v. Rose, 633 Pa. 659, 127 A.3d 794 (2015) (stating penal law is ex post facto if (1) it is applied to events occurring before its enactment and (2) it disadvantages offender affected by it; holding statute in effect when defendant committed assault controlled his resentencing for third degree murder, after victim succumbed to injuries she sustained in assault, 14 years after assault, rather than sentencing statute in effect at time of death of victim). Compare Commonwealth v. McGarry, 172 A.3d 60 (Pa.Super. 2017) (explaining how court properly applied amended DUI sentencing statute to defendant's sentence, where he committed his offenses after legislature had adopted amendments to DUI statute, and court imposed sentence after effective date of amendment and in compliance with statute that required court to apply amendments for any sentence it imposed after effective date of amendment). Here, Appellant committed his offenses in 2013, under the prior version of SORNA, so that version should apply at resentencing.

Case remanded for resentencing. Jurisdiction is relinquished.

Judge Jenkins did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2018